Michael R. SMITH, et al., Plaintiffs,

v.

A.V. DODRILL, Jr., Commissioner of the West Virginia Department of Corrections, Defendant.

Civ. A. No. 86–76–W.

United States District Court,
N.D. West Virginia,
Wheeling Division.

Aug. 31, 1989.

1294

Vincent J. King, Charleston, W.Va., for plaintiffs.

Charles G. Brown, Atty. Gen., Charleston, W.Va., for defendant.

## ORDER

MAXWELL, Chief Judge.

On January 1, 1986, a prisoner takeover riot broke out at the West Virginia State Penitentiary, at Moundsville, West Virginia, at which time thirteen guards then employed at the State Penitentiary were taken hostage by said rioting inmates and allegedly were threatened, searched, stripped, handcuffed, blindfolded, choked, beaten, stampeded, held hostage at knife or gun-point and/or imprisoned. The thirteen named plaintiffs, all prison guard employees at the time of the riot, have brought this action for money damages against the Commissioner of the Department of Corrections, claiming that their constitutional rights have been violated by the defendant while acting under color of state law, which, it is alleged, entitles plaintiffs to relief pursuant to 42 U.S.C. § 1983.

In their first claim for relief, plaintiffs contend that the defendant required plaintiffs to work in a facility which was unsafe and that the defendant failed to provide adequate facilities and personnel to properly provide for their security, safety and care. Plaintiffs claim that by not providing said safe place to work, defendant caused plaintiffs' injuries in violation of their rights to liberty and to be free from cruel and unusual punishment as guaranteed under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

Plaintiffs' second claim for relief alleges that the defendant was knowledgeable of the inadequate personnel, equipment, facilities, and control procedures necessary to provide for the safety, security and care of

the employees, and with knowledge of the same and with knowledge that a riot might occur, failed to provide such adequate equipment, personnel, and facilities, thus, causing unnecessary infliction of pain and suffering upon the plaintiffs in violation of their rights to liberty and to be free from cruel and unusual punishment as guaranteed by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

Plaintiffs third claim for relief asserts that the defendant acted with deliberate intention entitling them to punitive damages.

The defendant has moved for dismissal of this action on four grounds. First, defendant claims that he is entitled to immunity under the Eleventh Amendment to the United States Constitution and Article VI, Section 35 of the West Virginia State Constitution. Further, the defendant argues that plaintiffs have failed to state a cause of action under 42 U.S.C. § 1983 in that they have failed to allege a violation of the Constitution or federal law. Defendant also contends that he is immune to suit since the doctrine of respondeat superior is inapplicable to actions arising under 42 U.S.C. § 1983. Finally, the defendant claims that he is entitled to qualified immunity in that he has acted in good faith and is protected from liability for damages arising out of the performance of his duties.

■ The Court has reviewed the arguments of counsel on the issue of sovereign immunity, but need not resolve that issue in light of the Supreme Court's recent decision in *Will v. Michigan Department of State Police, et al.,* — U.S. ——, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). In that decision, the Supreme Court held that neither states nor state officials acting in their official capacities are "persons" within the meaning of Section 1983. Therefore, to the extent that plaintiffs are requesting damages from the defendant in his official capacity, the remedies provided by 42 U.S.C. § 1983 are not available.

■ To the extent that the plaintiffs seek to impose personal liability upon the defendant for actions taken under color of state law, plaintiffs must show that the defendant caused the deprivation of a federal right. Although an official in a personal-capacity action may, depending on his position, be able to assert personal immunity defenses such as the qualified immunity defense raised by the defendant herein, the Court need not at this time explore the realm of the defendant's good faith because the plaintiffs have failed to establish that the actions described in the complaint, taken as true for purposes of the pending motion, constitute a deprivation of a federal right.

■ In *Walker v. Rowe,* 791 F.2d 507 (7th Cir.1986), inmates at the Pontiac Correctional Center in Illinois killed three guards, injured others, and set fire to part of the prison. Three of the injured guards and the estates of three of the deceased guards filed a Section 1983 action, claiming that the Director of the Illinois Department of Corrections and Assistant Warden of Operations at Pontiac Correctional Center deprived them of their constitutional right to a safe working environment. *Walker,* 791 F.2d at 508. The Court of Appeals for the Seventh Circuit reversed a jury verdict in favor of the injured guards and the estates, holding that the due process clause does not assure safe working conditions for public employees. The Court of Appeals distinguished cases in which it has been held that the state must protect prisoners and others in its charge, *See, Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986), by explaining that such cases are based on the principle that when the state takes someone into its care or cuts off sources of private aid, the state must afford replacement protection. The distinction is evident: prison employees are not in custody nor compelled to be guards; they enlist, and the State is, therefore, not obligated to shield them from private actors. *Walker,* 791 F.2d at 511.

In *DeShaney v. Winnebago County Department of Social Services, et al.,* — U.S. ——, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), the Supreme Court affirmed the principle set forth in *Walker,* by confirming that the Fourteenth Amendment's due

process clause does not impose an affirmative duty on the state to protect individuals who are not in state custody. The Supreme Court expressed that the due process clause is "phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security." *DeShaney*, 109 S.Ct. at 1003. While the due process clause forbids the state itself to deprive individuals of life, liberty, and property without due process of law, its language cannot fairly be read to impose an affirmative obligation on the state to ensure that those interests do not come to harm through other means.

■ Plaintiffs argue that the *Walker v. Rowe* decision can be distinguished from the matter under consideration because, unlike the plaintiffs in *Walker*, they have raised allegations which show that a safe place to work was implicit in their contract of hire and that, therefore, it was their property interest in that contract that was deprived by the acts alleged in the Complaint. Plaintiffs support their theory by arguing that the defendant had a statutory duty to provide a safe place to work under *West Virginia Code* § 21–3–1.

The Court has not been persuaded that a significant distinction has been made. *West Virginia Code* § 21–3–1 is the introductory section of a chapter in the *Code* relating primarily to the safety and welfare of employees in the workplace. *Pack v. VanMeter*, 354 S.E.2d 581, 585 (W.Va. 1986). By virtue of this provision, a statutory duty is imposed upon employers in West Virginia to maintain places of employment in a reasonably safe condition. This Court has found no authority in the statute or in the cases interpreting the statute which would infer that it creates a contractual property interest for the employee. Moreover, "[w]ith the advent of the Workers' Compensation Act in 1913,

suits between employees and employers were barred in most instances ... consequently, there has been little litigation under our safety statutes since that time." *Pack*, 354 S.E.2d at 585 n. 4.

The plaintiffs' argument is tenuous at best, and plaintiffs have not sufficiently developed the argument into a theory which would sustain the action. Plaintiffs urge in their Memorandum in Opposition that "it is respectfully submitted that deprivation of a property interest in a contract which assured safety is a far cry from a mere allegation of a constitutional right to safety which was refused in *Walker*." This glancing blow at *Walker* has not persuaded the Court to depart from the well-reasoned principles established therein. More importantly, a property interest in a contract would not change the underlying import of *Walker* and *DeShaney:* the State quite simply does not have an affirmative obligation to protect an individual against private violence.

Accordingly, while assuming that all of the allegations in the complaint are true, the defendant is, nevertheless, entitled to judgment as a matter of law inasmuch as the complaint fails to state a claim upon which relief can be granted.[1] It is therefore

ORDERED that defendant's Motion to Dismiss be, and hereby is, GRANTED and that the Clerk of Court strike this civil action from the docket of the Court.

---

1. Defendant filed Supplemental Material in Support of his Motion to Dismiss on January 27, 1989, which consists of documents meant to establish a constant flow of rumors of riots, assaults, and take-overs at the penitentiary. The documents would be material to the qualified immunity defense had the Court needed to inquire further, but the Court's determination that plaintiffs have no cause of action as a matter of law extinguishes the Court's need to consider the defense or the supplemental material. Since the Court has not considered matters outside the pleadings, the pending motion was considered pursuant to Rule 12(b)(6) rather than Rule 56 of the Federal Rules of Civil Procedure.